IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| NITRO FLUIDS, LLC, *et al.* | § § § | Case No. 24-60018 (CML) |
| Debtors.¹ | § § | (Jointly Administered) |

**SIMMONS BANK'S LIMITED OBJECTION, JOINDER, AND RESERVATION
OF RIGHTS TO AMENDED MOTION OF CAMERON INTERNATIONAL
CORPORATION FOR LIMITED RELIEF FROM THE AUTOMATIC STAY**
[Relates to Docket No. 118]

TO THE HONORABLE CHRISTOPHER M. LOPEZ, UNITED STATES BANKRUPTCY JUDGE:

Simmons Bank ("Simmons"), a secured creditor and the post-petition lender in the above-captioned chapter 11 cases (collectively, the "Chapter 11 Cases") of Nitro Fluids, LLC ("Fluids"), NFH Leasing, LLC ("Leasing"), and Straitline Pumps, LLC ("Straitline," and collectively with Fluids and Leasing, the "Debtors"), files this limited objection, joinder, and reservation of rights (this "Objection") to the *Amended Motion of Cameron International Corporation for Limited Relief from the Automatic Stay to Permit Continuation of Litigation Pending Against the Debtors in the United States District Court for the Southern District of Texas to Liquidate Claim* [Docket No. 118] (the "Motion"), filed by Cameron International Corporation ("Cameron"), and in support thereof, respectfully states the following:[2]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Nitro Fluids, LLC (2119); NFH Leasing, LLC (9218); Straitline Pumps, LLC (4168). The location of the service address for Nitro Fluids, LLC and NFH Leasing, LLC is: 117 Broadway, Nordheim, TX 78141. The location of the service address for Straitline Pumps, LLC is: 13750 San Pedro Ave., Ste. 560, San Antonio, Texas 78232.

[2] Any capitalized term not otherwise defined herein shall have the meaning ascribed to such term in the Motion.

**PRELIMINARY STATEMENT**[3]

1. Simmons does not object to lifting the automatic stay to permit Cameron to obtain a judgment in the Litigation and liquidate its claim against Fluids. Simmons does object, however, to the extent Cameron otherwise seeks relief from the stay to attempt to extend the liability of Fluids—post-verdict—to other parties, including Straitline and other non-debtor parties, which are guarantors of the DIP Loan or Simmons' pre-petition loans to Fluids, based on alter-ego or other veil-piercing theories. Even if the stay did not apply to such non-debtor parties, Cameron would not have standing to pursue such parties because such claims are property of the estate. Simmons therefore files this Objection.

**RELEVANT BACKGROUND**

2. On May 6, 2024, Cameron filed its Post Trial Brief in the Litigation. In its Post Trial Brief, Cameron argues, among other things, that Fluids' president, Bobby Lee Koricanek ("Koricanek") should be joined as a party to the Litigation and held jointly and severally liable for damages awarded against Fluids because of his actions in connection with Cameron's claims in the Litigation and because Fluids is allegedly Koricanek's alter ego. *See* Post Trial Brief at 11, 25-30. Further, in the Post Trial Brief, Cameron argues, *apparently for the first time*, that Straitline, Jackie Ray Simpson ("Simpson"), the Wyatt Koricanek Trust, the Tanner Koricanek Trust (together with the Wyatt Koricanek Trust, the "Trusts"), Nitro Construction, LLC ("Construction"), and Nitro Downhole, LLC ("Downhole," and collectively with Koricanek, Straitline, Simpson, the Trusts, and Construction, the "Additional Parties") should all be added as parties to the Litigation and held jointly and severally liable because they are all allegedly alter egos of Fluids. *See id*.

---

[3]   Any capitalized term not defined in this Preliminary Statement shall have the meaning ascribed to such term later in this Objection.

3. On May 15, 2024, the Debtors filed their voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), thereby initiating the Chapter 11 Cases. The Debtors are debtors in possession and operate their business pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4. On June 17, 2024, the Court entered its *Final Order (a) Authorizing the Debtors to Obtain Postpetition Financing; (b) Authorizing the Debtors to Use Cash Collateral; (c) Granting Liens and Providing Claims with Superpriority Administrative Expense Status; (d) Granting Adequate Protection; and (e) Modifying the Automatic Stay* [Docket No. 146] (the "DIP Order"). Under the DIP Order, the Court authorized Simmons, as post-petition lender, to make post-petition loans (collectively, the "DIP Loan") to the Debtors, so that the Debtors are able to operate during the Chapter 11 Cases and carry out their plan to market and sell the Debtors' assets and maximize value for the estate and the benefit of all creditors.

5. Construction and Downhole are guarantors of the DIP Loan. Simmons would not have agreed to make the DIP Loan with the Debtors had Construction and Downhole not agreed to guarantee the DIP Loan. In addition, Koricanek, Simpson, the Trusts, Construction, and Downhole are guarantors of Simmons' pre-petition loans with Fluids.

6. On June 7, 2024, Cameron filed the Motion. In the Motion, in addition to requesting that the Court lift the automatic stay so that it may liquidate its claim against Fluids, Cameron also requests that the Court allow it to proceed to final judgment against Straitline, which is not a party to the Litigation, and that the Court allow the District Court to "hear and rule on the post-trial briefing," which ostensibly includes Cameron's request to extend Fluids' liability to the Additional Parties based on alter ego or veil-piercing theories. Further, in the Motion,

Cameron alleges no basis in law or fact for the Court to grant such relief against the Additional Parties.

## LIMITED OBJECTION

7. Simmons does not object to lifting the automatic stay to permit Cameron to obtain a judgment in the Litigation only to liquidate its claim against Fluids. Simmons does object, however, to the extent Cameron otherwise seeks stay relief to attempt to extend the liability of Fluids, via alter ego or other veil piercing theories, to the Additional Parties in the Litigation.

8. First, Cameron cannot seek to extend Fluids' liability in the Litigation to the Additional Parties based on alter ego or other veil piercing theories because Cameron does not have standing to do so. *See S.I. Acquisition, Inc. v. Eastway Delivery Serv., Inc. (In re S.I. Acquisition, Inc.)*, 817 F.2d 1142, 1152-54 (5th Cir. 1987) (holding that an "alter ego action is a right of action belonging to [the debtor in possession], and, as such, is 'property of the estate' within the meaning of section 541(a)(1)," and that such action is stayed pursuant to section 362(a)(3)); *see also Jenrob Invs., LP v. In re Hidalgo Logistics, LLC (In re Hidalgo Logistics, LLC)*, No. 13-70239, 2014 WL 2003216, at *6 (Bankr. S.D. Tex. May 15, 2014) (citing *S.I. Acquisition* for the same).

9. Further, in the Motion, Cameron alleges no facts or legal basis to lift the stay with respect to asserting alter ego against the Additional Parties (or that it has standing to do so). While Simmons does not disagree with Cameron's analysis under the *Sonnax* factors with respect to lifting the stay *only* to liquidate its claim against Fluids, the same analysis is inapposite to the Additional Parties, even if Cameron had standing. As Construction and Downhole are guarantors of the DIP Loan, any liability imputed to them could impact their ability to meet their guaranty obligations and create potential exposure to Simmons. Further, embroiling

management in further litigation, which would surely occur, with respect to pursuing the Additional Parties in the Litigation or otherwise, could significantly impact the ability of the Debtors to operate during the Chapter 11 Cases. Despite Cameron's contention to the contrary, this would interfere with the Chapter 11 Cases and prejudice the interests of other creditors.

10. Finally, assuming *arguendo* that Cameron had standing, Cameron's argument in the Motion (at least) with respect to probability of success on the merits is spurious. To the extent any Additional Parties did not have notice, pre-trial, that they could be liable for the actions of Fluids, based on alter ego or otherwise, the addition of any such parties to the Litigation would violate due process. *See Nelson v. Adams U.S.A., Inc.*, 529 U.S. 460, 466-72 (2000).

11. Accordingly, the Court should deny the Motion to the extent that Cameron seeks relief from the automatic stay for anything other than liquidating its claim against Fluids.

## JOINDER AND RESERVATION OF RIGHTS

12. Simmons joins in all other objections and responses to the Motion to the extent such objections and responses are not inconsistent with this Objection.

13. Simmons reserves all rights under the Bankruptcy Code and other applicable law with respect to the DIP Loan and its pre-petition loans with Fluids, including the collateral securing the same, this Objection, the Motion, and all other pleadings filed in these Chapter 11 Cases. Simmons also reserves the right to amend or supplement this Objection at any time prior to any hearing to consider the Motion and to assert further arguments as the evidence may allow.

## PRAYER

Based on the foregoing, Simmons respectfully requests that this Court: (i) sustain this Objection; (ii) deny the Motion to the extent that Cameron seeks relief from the automatic stay

for anything other than liquidating its claim against Fluids; and (iii) grant Simmons such other and further relief as is appropriate and just under the circumstances.

**DATED: June 25, 2024.**

        Respectfully submitted,

        **WINSTEAD PC**
        500 Winstead Building
        2728 N. Harwood Street
        Dallas, Texas 75201
        (214) 745-5400 (Phone)
        (214) 745-5390 (Facsimile)

        By: */s/ Jason A. Enright*
            Jason A. Enright
            Texas Bar No. 24087475
            S.D. Tex. No. 3037852

        **COUNSEL FOR SIMMONS BANK**

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 25, 2024, he caused a true and correct copy of the foregoing to be electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District.

        */s/ Jason A. Enright*
        One of Counsel