IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **In re:** | § | Chapter 11 |
| | § | |
| | § | Case No. 24-60018 (CML) |
| **NITRO FLUIDS, LLC,** *et al.* | § | |
| | § | (Jointly Administered) |
| **Debtors.**[1] | § | |
| | § | |
| | § | |

**DEBTORS' MOTION FOR AN ORDER (I) ESTABLISHING DEADLINE
TO FILE PROOFS OF CLAIM AND (II) APPROVING FORM AND MANNER OF
NOTICE THEREOF**

Debtors Nitro Fluids, LLC ("Fluids"), NFH Leasing, LLC ("Leasing"), and Straitline Pumps, LLC ("Straitline" and, collectively with Fluids and Leasing, the "Debtors"), as debtors and debtors-in-possession in the above-captioned chapter 11 cases, file this *Motion for an Order (I) Establishing Deadline to File Proofs of Claim and (II) Approving Form and Manner of Notice Thereof* (the "Motion") and respectfully represent as follows:

**I.
Relief Requested**

1. By this Motion, the Debtors respectfully request entry of an order, pursuant to sections 501, 502, 503, 1111(a), and 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 3003(c)(3), and 5005(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), establishing deadlines for filing certain proofs of claim in these Chapter 11 Cases and approving the form and manner of notice thereof. The Debtors seek to establish bar

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of the Debtors' federal tax identification numbers, are Nitro Fluids, LLC (2119); NFH Leasing, LLC (9218); Straitline Pumps, LLC (4168). The location of the service address for Nitro Fluids, LLC and NFH Leasing, LLC is: 117 Broadway, Nordheim, TX 78141. The location of the service address for Straitline Pumps, LLC is: 13750 San Pedro Ave., Ste. 560, San Antonio, Texas 78232.

1

dates that provide sufficient time for the Debtors to prepare for solicitation of a chapter 11 plan. The proposed deadlines (collectively, the "Bar Dates") are as follows:

    a.    **September 18, 2024 at 5:00 p.m. (prevailing Central Time)** (the "General Bar Date") as the deadline for each "person" (as defined in section 101(41) of the Bankruptcy Code), excluding governmental units ("Governmental Units") (as defined in section 101(27) of the Bankruptcy Code), to file a proof of claim (each, a "Proof of Claim") in respect of a prepetition "claim" (as defined in section 101(5) of the Bankruptcy Code), including, for the avoidance of doubt, secured claims, priority claims, and claims arising under section 503(b)(9) of the Bankruptcy Code against any Debtor;

    b.    **November 12, 2024 at 5:00 p.m. (prevailing Central Time)** (the "Governmental Bar Date") as the deadline for Governmental Units to file Proofs of Claim against any Debtor;

    c.    If a Debtor files an amendment (an "Amendment") to any of the schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules") and such Amendment (i) reduces the undisputed, noncontingent, and liquidated amount of a claimant's claim; (ii) changes the nature or characterization of a claimant's claim; or (iii) adds a new claim with respect to a claimant to the Schedules, such claimant must file a Proof of Claim with respect to such amended claim by the later of (a) the General Bar Date or the Governmental Bar Date, as applicable, and (b) thirty (30) days after the claimant is served with notice of the applicable Amendment (the "Amended Schedule Bar Date"); and

    d.    Except as otherwise set forth in any order authorizing rejection of an executory contract or unexpired lease, the later of (i) the General Bar Date or Governmental Bar Date, as applicable, and (ii) thirty (30) days after entry of any order authorizing the rejection of an executory contract or unexpired lease (the "Rejection Bar Date"), as the deadline to file a Proof of Claim relating to a Debtor's rejection of such executory contract or unexpired lease.

    2.    A proposed form of order granting the related relief requested herein is annexed hereto as **Exhibit A** (the "Proposed Order").

    3.    The Debtors will cause their claims and noticing agent, Epiq Corporate Restructuring, LLC ("Epiq") to serve notice of the Bar Dates, substantially in the form attached to the Proposed Order as **Exhibit 1** (the "Bar Date Notice"), on all known entities holding potential claims against the Debtors or their estates. Epiq will mail the Bar Date Notice within three (3)

business days following the date of the entry of the Proposed Order, and will serve the Bar Date Notice at least 30 days prior to the General Bar Date.

## II.
## Jurisdiction

4.   The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.
## Background

5.   On May 15, 2024 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are continuing to operate their businesses and manage their financial affairs as debtors in possession.  The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Rule 1015-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules").

6.   On May 30, 2024, the United States Trustee for Region 7 (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors' Committee").  *See* Docket No. 78.  No trustee or examiner has been appointed in these Chapter 11 Cases.

7.   Information regarding the Debtors' history and business operations, capital structure and primary secured indebtedness, and the events leading up to the commencement of the Chapter 11 Cases can be found in the Declaration of Brad Walker in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief (the "First Day Declaration") [Docket No. 19].

3

## IV.
## Establishment of the Bar Dates is Appropriate in These Chapter 11 Cases

8. Bankruptcy Rule 3003(c) generally governs the filing of proofs of claim in a chapter 11 case and provides in relevant part: "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." Bankruptcy Rule 3003(c)(3). Paragraph M.32 of the Procedures for Complex Chapter 11 Cases in the Southern District of Texas establishes the default rule that an entity, other than a governmental unit, must file a proof of claim in a chapter case within 90 days after the first date set for the meeting of creditors under 11 U.S.C. § 341(a) (the "341 Meeting") (which took place on June 20, 2024) and that a governmental unit must file a proof of claim within 180 days after the petition date, unless the Court orders otherwise. Bankruptcy Rule 2002(a)(7) generally provides that all parties in-interest must receive twenty-one (21) days' notice of the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c). Bankruptcy Rule 2002(p)(2) requires at least thirty (30) days' notice to creditors with a foreign address. On June 12, 2024, the Debtors filed the Schedules, which provide creditors and governmental units at least thirty (30) days' notice to review the Schedules prior to the applicable Bar Date. Therefore, creditors will have adequate time to review their own records and the Schedules, and, if necessary, file a Proof of Claim.

9. The Debtors require complete and accurate information regarding the nature, validity, amount, and status of all claims against the Debtors that will be asserted in the Chapter 11 Cases. The Debtors seek to establish the Bar Dates to determine what claims may be asserted against the Debtors in addition to those listed in the Schedules. For these reasons, the Bar Dates and the form and manner of notice proposed in this Motion are appropriate and should be approved. Nevertheless, the Debtors request that they be permitted (but not required) to extend any of the Bar Dates on behalf of a requesting claimant, upon the Debtors' determination, in their reasonable

4

business judgment and in consultation with the Creditors' Committee, that such extension is warranted or appropriate.

10. <u>General Bar Date</u>.  The Debtors request that the Court establish a General Bar Date of **September 18, 2024 at 5:00 p.m. (prevailing Central Time)** for all known entities holding potential claims against the Debtors or their estates, including requests for payment under section 503(b)(9) of the Bankruptcy Code. The General Bar Date will ensure that potential creditors receive more than adequate notice of the deadlines for filing Proofs of Claim in these Chapter 11 Cases.

11. The General Bar Date would be the date by which all persons and entities (excluding Governmental Units) holding prepetition claims against the Debtors or their estates must file Proofs of Claim unless they fall within one of the exceptions set forth in this Motion. Subject to these exceptions, the General Bar Date would apply to all persons or entities holding claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date, including secured and unsecured claims, priority claims, and claims arising under section 503(b)(9) of the Bankruptcy Code.

12. <u>Governmental Bar Date</u>.  The Debtors request that the Court establish a Governmental Bar Date of **November 12, 2024 at 5:00 p.m. (prevailing Central Time)** for all known Governmental Units entities holding potential claims against the Debtors or their estates. The proposed Governmental Bar Date is at least 180 days from the Petition Date, as required under section 502(b)(9) of the Bankruptcy Code. See 11 U.S.C. § 502(b)(9) ("[A] claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the [Bankruptcy Rules] may provide.").

5

13.     The Governmental Bar Date applies to all Governmental Units holding claims against the Debtors (whether secured, unsecured priority, or unsecured non-priority) that arose prior to the Petition Date, including Governmental Units with claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party. All Governmental Units holding such claims against the Debtors would be required to file Proofs of Claim so that such Proofs of Claim are ***actually received*** by Epiq by the Governmental Bar Date.

14.     <u>Amended Schedule Bar Date</u>.  If, on or after the Debtors serve the Bar Date Notice, a Debtor amends or supplements its Schedules (i) to reduce the undisputed, noncontingent, and liquidated amount of a claim; (ii) to change the nature or characterization of a claim; or (iii) to add a new claim to the Schedules, the Debtors propose that the affected claimant be required to file a Proof of Claim or amend any previously-filed Proof of Claim in respect of the amended scheduled claim on or prior to the Amended Schedule Bar Date. Notwithstanding the foregoing, nothing contained herein will preclude the Debtors or any other party in interest from objecting to any claim, whether scheduled or filed, on any grounds.

15.     <u>Rejection Bar Date</u>.  The Debtors anticipate that certain persons or entities may assert claims in connection with the Debtors' rejection of executory contracts or unexpired leases pursuant to section 365 of the Bankruptcy Code ("<u>Rejection Damages Claims</u>"). The Debtors request that the Court establish the Rejection Bar Date as the later of (i) the General Bar Date and (ii) thirty (30) days after the entry of an order of the Court authorizing a Debtor's rejection of the applicable executory contract or unexpired lease.

## V.
## Filing Proofs of Claim

16. Each Proof of Claim must substantially comply with Official Bankruptcy Form 410, including the form attached to the Proposed Order as **Exhibit 2**. All Proofs of Claim must be *actually received* by Epiq no later than the applicable Bar Date, either by the claimant (i) filing such Proof(s) of Claim electronically through Epiq, at https://dm.epiq11.com/case/nitrofluids/info; (ii) filing such Proof(s) of Claim electronically through PACER (Public Access to Court Electronic Records), at https://ecf.txsb.uscourts.gov; (iii) delivering the original Proof(s) of Claim to Epiq by first class mail at the following address:

Nitro Fluids, LLC
Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

or (iv) delivering the original Proof(s) of Claim to Epiq by hand delivery or overnight mail at the following address:

Nitro Fluids, LLC
Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
10300 SW Allen Blvd.
Beaverton, OR 97005

17. Proofs of Claim will be deemed filed when filing via PACER is completed or when actually received by Epiq. Any facsimile or electronic mail submissions will not be accepted and will not be deemed filed until a claim is submitted by one of the methods described above.

## VI.
## Parties Not Required to File Proofs of Claim

18. The Debtors propose that the following persons and entities *not be required* to file Proofs of Claim in these Chapter 11 Cases:

a.  the U.S. Trustee, on account of claims for fees payable pursuant to 28 U.S.C. § 1930;

b.  any person or entity that has already properly filed or submitted a Proof of Claim against the correct Debtor(s), but only with respect to the particular claim that was properly filed against the correct Debtor(s);

c.  any person or entity (i)(A) whose claim is listed in the Schedules or any amendments thereto, and (B) whose claim is not described therein as "disputed," "contingent," or "unliquidated," and (ii) who does not dispute the amount or characterization of its claim as set forth in the Schedules (including that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules);

d.  any entity that holds a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code), including any professionals retained by the Debtors or any statutory committee pursuant to orders of this Court that assert administrative claims for fees and expenses subject to the Court's approval pursuant to sections 330 and 331 of the Bankruptcy Code, but, in each case, solely to the extent of such administrative claim(s);

e.  any party that is exempt from filing a Proof of Claim pursuant to an order of the Court in these Chapter 11 Cases, including, without limitation, pursuant to the *Final Order (A) Authorizing the Debtors to Obtain Postpetition Financing; (B) Authorizing the Debtors to Use Cash Collateral; (C) Granting Liens and Providing Claims with Superpriority Administrative Expense Status ; (D) Granting Adequate Protection; and (E) Modifying the Automatic Stay* [Docket No. 146] (the "DIP Order"), including, for the avoidance of doubt, the DIP Lender (as defined in the DIP Order);

f.  any person or entity whose claim has been paid in full by a Debtor pursuant to the Bankruptcy Code or in accordance with an order of the Court;

g.  any person or entity holding an equity security interest in any Debtor;

h.  any Debtor asserting a claim against another Debtor;

i.  any non-Debtor affiliate asserting a claim against a Debtor affiliate; and

j.  any person or entity whose claim against a Debtor has been allowed by an order of the Court, entered on or before the applicable Bar Date.

## VII.
## Filing Proofs of Claim Against Multiple Debtors

19. The Debtors also request that all persons and entities asserting claims against more than one Debtor be required to file a separate Proof of Claim with respect to each such Debtor and identify on each Proof of Claim the particular Debtor against whom their claim is asserted. Requiring parties to identify the Debtor against which a claim is asserted will greatly expedite the Debtors' review of Proofs of Claim in these Chapter 11 Cases and will not be unduly burdensome on claimants. The Debtors also request, with respect to Proofs of Claim that list more than one Debtor, that the Debtors be authorized to treat such claim as filed only against the first listed Debtor.

## VIII.
## Effect of Failure to File a Proof of Claim

20. The Debtors propose that, pursuant to Bankruptcy Rule 3003(c)(2), any person or entity that is required to file a timely Proof of Claim in the form and manner specified in the order establishing the Bar Dates (the "Bar Date Order") and who fails to do so on or before the applicable Bar Date shall not, with respect to such claim, be treated as a creditor of the Debtors for the purposes of voting upon, or receiving distributions under, any plan in these cases.

## IX.
## Proposed Procedures for Providing Notice of Bar Dates and Procedures for Filing Proofs of Claim

21. The Debtors intend to provide the Bar Date Notice by causing Epiq to mail a copy of the Bar Date Notice, together with a Proof of Claim form, via email or first-class United States mail, postage prepaid, to all known persons and entities holding potential prepetition claims against the Debtors at least thirty (30) days prior to the General Bar Date.

22. Furthermore, the Debtors will provide notice of the General Bar Date to potential unknown creditors by causing a copy of the notice attached to the Proposed Order as **Exhibit 3**

9

(the "Publication Notice") to be published at least once in one or more of the following publications: the Houston Chronicle, the San Antonio Express-News, the Victoria Advocate, and/or local newspapers, trade journals, or similar publications, as soon as reasonably practicable after entry of the Bar Date Order. In addition, Epiq will prominently display the Bar Date Notice and the Bar Dates on https://dm.epiq11.com/case/nitrofluids/info.

## X.
## Relief Requested Should Be Granted

23. The Bar Date Notice and the Publication Notice (i) set forth the General Bar Date and Governmental Bar Date; (ii) advise creditors under what circumstances they must file a Proof of Claim in these Chapter 11 Cases; (iii) alert the Debtors' creditors to the consequences of failing to file a timely Proof of Claim; (iv) set forth the address to which Proofs of Claim must be sent for filing; and (v) notify creditors that facsimile or email filings of Proofs of Claim are not acceptable and are not valid for any purpose. The Debtors submit that the Bar Date Notice and the Publication Notice will provide creditors with sufficient information to file properly prepared and executed Proofs of Claim in a timely manner.

24. The Debtors must ensure that creditors and other interested parties receive adequate and appropriate notice of the Bar Dates. To determine the adequacy of notice given to a creditor, bankruptcy law distinguishes between "known" and "unknown" creditors. *Williams v. Placid Oil Co. (In re Placid Oil Co.)*, 753 F.3d 151, 154 (5th Cir. 2014). "[K]nown creditors must be provided with actual written notice of a debtor's bankruptcy filing and bar claims date." *Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir. 1995). For "unknown creditors" a debtor need only provide constructive notice by publication. *In re Placid Oil*, 753 F.3d at 155 (citations omitted). A "known" creditor is one whose identity is either known or is "reasonably ascertainable" by the debtor." *Id*. (citing *Tulsa Prof'l Collection Serv., Inc. v. Pope*, 485 U.S. 478, 489-90 (1988)). An "unknown"

10

creditor is one whose "interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to knowledge [of the debtor]." *Id*. at 156 (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 317 (1950)).

25. As for the particular efforts a debtor must exert to identify known creditors, "[w]hether a creditor received adequate notice of a bar date depends upon the facts and circumstances of a given case.'" *In re Grand Union Co.*, 204 B.R. 864, 871 (Bankr. D. Del. 1997) (quoting *Oppenheim, Appel, Dixon & Co. v. Bullock (In re Robintech, Inc.)*, 863 F.2d 393, 396 (5th Cir. 1989), cert. denied, 493 U.S. 811 (1989)).

26. The Debtors submit that the proposed notice procedures with respect to the Bar Dates satisfy the *Placid Oil* standard. Through the process of completing the Schedules prior to the Bar Dates, the Debtors have identified those persons and entities that are known to the Debtors to hold claims against one or more of the Debtors, or are likely to be potential holders of claims. The potential claimants have been identified following careful review of the Debtors' books and records. The Debtors also believe that the Publication Notice is reasonably designed to provide any claimants unknown to the Debtors that may potentially hold claims against any of the Debtors with adequate notice of the Bar Dates. In addition, the Debtors believe that the Publication Notice constitutes good and sufficient notice to "unknown" creditors.

27. The procedures and notice periods described herein afford creditors ample opportunity to file Proofs of Claim, while at the same time ensuring that the Debtors can achieve certainty with respect to their liabilities in a timely manner. Courts in this district routinely fix similar bar dates for filing proofs of claim in comparable chapter 11 cases. See, e.g., *In re CEC Entm't, Inc.*, No. 20-33163 (MI) (Bankr. S.D. Tex. Aug. 28, 2020) [Docket No. 747]; *In re SpeedCast Int'l, Ltd.*, No. 20-32243 (MI) (Bankr. S.D. Tex. July 6, 2020) [Docket No. 463]; *In re*

*Legacy Reserves Inc.*, No. 19-33395 (MI) (Bankr. S.D. Tex. Sept. 9, 2019) [Docket No. 444]; *In re Vanguard Natural Res., Inc.*, No. 19-31786 (DRJ) (Bankr. S.D. Tex. Apr. 30, 2019) [Docket No. 249]; *In re EXCO Res., Inc.*, No. 18-30155 (MI) (Bankr. S.D. Tex. Mar. 7, 2018) [Docket No. 448].

## XI.
## Reservation of Rights

28. Nothing contained herein is intended to be or shall be deemed as (i) an admission as to the validity of any claim against the Debtors (ii) a waiver of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (iv) an agreement or obligation to pay any claims, (v) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (vi) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code.

## XII.
## Notice

29. Notice of this Motion will be served upon any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Local Rule 9013-1(d).

WHEREFORE, the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: July 3, 2024												Respectfully submitted,

/s/ *Joshua N. Eppich*
**BONDS ELLIS EPPICH SCHAFER JONES LLP**
Joshua N. Eppich (Texas Bar No. 24050567)
Eric T. Haitz     (Texas Bar No. 24101851)
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Email: joshua@bondsellis.com
Email: eric.haitz@bondsellis.com

-and-

Ken Green       (Texas Bar No. 24050698)
950 Echo Lane
Suite 120
Houston, Texas 77024
(713) 335-4990 telephone
(713) 335-4991 facsimile

COUNSEL FOR THE DEBTORS

**CERTIFICATE OF SERVICE**

I certify that on July 3, 2024, a true and correct copy of the foregoing document was served via the Court's CM/ECF system.

/s/ *Eric T. Haitz*
Eric T. Haitz

13