IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| In re:<br><br>**NITRO FLUIDS, LLC**, *et al.*,<br><br>Debtors.[1] | § § § § § § § § § § | Chapter 11<br><br>Case No. 24-60018 (CML)<br><br>(Jointly Administered)<br><br>*Re: Docket Nos. 118, 158, 159, 160, 161, 172, 173, 194, 199, 200, 212* |

**STIPULATION AND ORDER RESOLVING CAMERON INTERNATIONAL CORPORATION'S MOTION TO LIFT STAY AND DEBTORS' MOTION TO EXTEND STAY**

[Relates to Docket Nos. 118 and 172]

Debtors Nitro Fluids, LLC ("Nitro Fluids"), NFH Leasing, LLC, and Straitline Pumps, LLC ("Straitline", and collectively with Nitro Fluids and NFH Leasing, LLC, the "Debtors"), as debtors and debtors-in-possession in the above-captioned bankruptcy cases, together with the Official Committee of Unsecured Creditors (the "Committee"), Simmons Bank ("Simmons Bank"), Blue Sky Bank ("Blue Sky"), Cameron International Corporation ("Cameron", and collectively with the Debtors, the Committee, Simmons Bank, and Blue Sky, the "Parties"), have agreed to this stipulation and order (this "Stipulation and Order") modifying the automatic stay to allow Cameron to proceed in the District Court Litigation (as defined below) to: (i) liquidate but not enforce its claim against Nitro Fluids, (ii) pursue certain direct causes of action against certain non-debtors as set forth in this Stipulation and Order, and (iii) seek entry of a final judgment in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Nitro Fluids, LLC (2119); NFH Leasing, LLC (9218); Straitline Pumps, LLC (4168).  The location of the service address for Nitro Fluids, LLC and NFH Leasing, LLC is:  117 Broadway, Nordheim, TX 78141.  The location of the service address for Straitline Pumps, LLC is:  13750 San Pedro Ave., Ste. 560, San Antonio, Texas 78232.

SMRH:4857-6776-5228.9 -1-

District Court Litigation through the issuance of order(s) and judgment(s) on the issues as may be determined by the District Court (as defined below) by the Parties as set forth in this Stipulation and Order, as further set forth below. In support of the Stipulation and Order, the Parties represent as follows:

## RECITALS

WHEREAS, on July 20, 2018, Cameron commenced litigation against Nitro Fluids in the United States District Court for the Southern District of Texas, Houston Division (the "District Court"), Case No. 4:18-cv-02533 (the "District Court Litigation", and the docket thereunder, the "District Court Litigation Docket");

WHEREAS, on March 27, 2024, Cameron obtained a jury verdict in the District Court Litigation against Nitro Fluids for willful infringement of the asserted patents; for lost profit damages in the amount of $5.5 million and for reasonable royalty damages in the amount of $3.4 million (District Court Litigation Docket, No. 408) (collectively, the "Jury Verdict");

WHEREAS, on May 6, 2024, Cameron filed its post-trial brief in the District Court Litigation seeking enhancement damages, attorney's fees, and to join certain individuals and entities as defendants to hold them jointly and severally liable (District Court Litigation Docket, No. 410) (the "Post-Trial Brief);

WHEREAS, on May 15, 2024 (the "Petition Date"), the Debtors filed their voluntary petitions for relief in this case;

WHEREAS, on May 16, 2024, the Debtors filed a Notice of Bankruptcy Filing in the District Court Litigation, which provided that pursuant to the commencement of this case and the automatic stay imposed by Section 362(a) of the Bankruptcy Code, the District Court Litigation,

as well as any further action by the District Court in connection thereto was stayed (District Court Litigation Docket, No. 411);

WHEREAS, on May 20, 2024, the District Court entered its order staying the District Court Litigation pursuant to section 362(a) of the Bankruptcy Code until further order of this Court (District Court Litigation Docket, No. 412);

WHEREAS, on June 7, 2024, Cameron filed the Amended Motion of Cameron International Corporation for Limited Relief from the Automatic Stay to Permit Continuation of Litigation Pending Against the Debtors in the United States District Court for the Southern District of Texas to Liquidate Claim (Bankruptcy Court Docket No. 118) (the "Lift Stay Motion");

WHEREAS, on June 25, 2024, the Debtors filed the Response to Amended Motion of Cameron International Corporation for Limited Relief from the Automatic Stay to Permit Continuation of Litigation Pending Against the Debtors in the United States District Court for the Southern District of Texas to Liquidate Claim (Bankruptcy Court Docket No. 159) (the "Debtors' Objection");

WHEREAS, on June 25, 2024, Simmons Bank filed Simmons Bank's Limited Objection, Joinder, and Reservation of Rights to Amended Motion of Cameron International Corporation for Limited Relief from the Automatic Stay (Bankruptcy Court Docket No. 160) ("Simmons Bank's Objection");

WHEREAS, on June 25, 2024, Blue Sky filed Blue Sky Bank's Limited Objection to Cameron International Corporation's Amended Motion for Relief from the Automatic Stay to Permit Continuation of Litigation Pending in the United States District Court for the Southern District of Texas to Liquidate Claim (Bankruptcy Court Docket No. 158) ("Blue Sky's Objection");

WHEREAS, on June 25, 2024, the Committee filed the Official Committee of Unsecured Creditors' Objection to Motion of Cameron International Corporation for Limited Relief from the Automatic Stay to Permit Continuation of Litigation Pending Against the Debtors in the United States District Court for the Southern District of Texas to Liquidate Claim (Bankruptcy Court Docket No. 161) (the "Committee's Objection", and together with the Debtors' Objection, Simmons Bank's Objection, and Blue Sky's Objection, the "Lift Stay Objections");

WHEREAS, on June 26, 2024, the Debtors filed the Motion to Extend and Enforce the Automatic Stay (Bankruptcy Court Docket No. 172) (the "Debtors' Extension Motion");

WHEREAS, on June 26, 2024, the Debtors filed the Complaint for Declaratory Judgment Determining Claims are Property of the Estate entitled *Nitro Fluids LLC, et al. v. Cameron International Corporation (In re Nitro Fluids, LLC)*, Adversary Proceeding No. 24-06006 (the "Complaint") (Bankruptcy Court Docket No. 173; Adversary Proceeding Docket, No. 1) (the "Adversary Proceeding" and the docket thereunder, the "Adversary Proceeding Docket");

WHEREAS, on July 11, 2024, the Debtors filed the Debtors' Emergency Motion to Consolidate Adversary Proceeding and Related Contested Matters (Docket No. 194) (the "Debtors' Consolidation Motion");

WHEREAS, on July 15, 2024, Cameron filed Cameron International Corporation's Omnibus Reply to the Objections of the Debtors, Simmons Bank, Blue Sky Bank, and the Official Committee of Unsecured Creditors to Cameron's Motion for Limited Relief from the Automatic Stay to Permit Continuation of Litigation Pending Against the Debtors in the United States District Court for the Southern District of Texas to Liquidate Claim (Bankruptcy Court Docket No. 199) ("Cameron's Reply");

WHEREAS, on July 15, 2024, Cameron filed Cameron International Corporation's Objection to Debtors' Emergency Motion to Consolidate Adversary Proceeding and Related Contested Matters (Bankruptcy Court Docket No. 200) ("Cameron's Consolidation Objection");

WHEREAS, on July 15, 2024, Bobby Lee Koricanek ("Koricanek") filed Bobby Lee Koricanek's Response and Objection to Amended Motion of Cameron International Corporation for Limited Relief from the Automatic Stay (Bankruptcy Court Docket No. 198);

WHEREAS, on July 16, 2024, this Court held a preliminary hearing on the Lift Stay Motion, the Lift Stay Objections and Cameron's Reply, and directed the Parties to conduct discovery and continued the hearing for a final hearing on October 9, 2024;

WHEREAS, on July 22, 2024, Cameron filed Cameron International Corporation's Objection to Debtors' Motion to Extend and Enforce the Automatic Stay (Bankruptcy Court Docket No. 212) ("Cameron's Extension Objection");

WHEREAS, on August 12, 2024, Cameron filed the Answer to the Complaint (Adversary Proceeding Docket, No. 9); and

NOW, THEREFORE, the Parties have entered into good faith negotiations and believe it is in the best interests of the estate and the Parties to settle all the disputes set forth in the (a) Lift Stay Motion, Cameron's Reply, the Debtors' Extension Motion, and the Debtors' Consolidation Motion (collectively, the "Pending Motions"); (b) Lift Stay Objections, Cameron's Consolidation Objection, and Cameron's Extension Objection (collectively, the "Pending Motion Opposition"; and collectively, the Pending Motions and the Pending Motion Opposition, the "Stay Relief Pleadings"); and (c) claims asserted in the Adversary Proceeding, and request approval and entry by this Court of this Stipulation and Order.

**STIPULATION AND ORDER**

1. The automatic stay under section 362(a) of the Bankruptcy Code (the "Stay") is hereby modified to allow the District Court, and any appellate court, to hear and determine the issues raised in the Post-Trial Brief as set forth in this Stipulation and Order and to issue order(s), decision(s) and judgment(s) on such issues as set forth in this Stipulation and Order.

2. The Parties agree that the Stay is modified to allow the District Court, and any appellate court, to hear, determine and adjudicate the following issues and damages as to Nitro Fluids: (i) damages included in the Jury Verdict; (ii) enhanced damages under 35 U.S.C. § 284; (iii) attorneys' fees under 35 U.S.C. § 284; (iv) supplementary damages, interest, and ongoing royalties; and (iv) costs and fees. The Parties further agree that any deadline to object to Cameron's proof of claim against Nitro Fluids shall be extended until a final non-appealable judgment is rendered and such final judgment shall constitute the amount of Cameron's allowed unsecured claim and supersede the filed proof of claim.

3. The Parties further agree that the Stay does not apply to, and the District Court and any appellate court, may hear, determine, and adjudicate the below listed claims against Koricanek and Jackie Ray Simpson ("Simpson"):

    a. claims against Koricanek for his actions in directly infringing and inducing Nitro Fluids to infringe Cameron's patents pursuant to 35 U.S.C. § 271;

    b. claims against Koricanek for actions underlying Cameron's request for enhanced damages pursuant to 35 U.S.C. § 284 and his actions underlying Cameron's request for attorneys' fees pursuant to 35 U.S.C. § 285;

    c. claims against Koricanek for using Nitro Fluids and Straitline to evade liability for infringement of Cameron's patents, such that Koricanek should be held

Case 24-60018   Document 319   Filed in TXSB on 10/09/24   Page 7 of 10

jointly and severally liable for all damages, interest, costs, and fees assessed against Nitro Fluids;

d.      claims against Simpson for his actions in approving and/or contributing to all of Koricanek's actions underlying Cameron's claims against Koricanek, such that Simpson should be held jointly and severally liable for all damages, interest, costs, and fees assessed against Nitro Fluids, or, at a minimum, any attorneys' fees awarded by the District Court under 35 U.S.C. § 285; and

e.      claims against Simpson for using Nitro Fluids and Straitline to evade liability for infringement of Cameron's patents, such that Simpson should be held jointly and severally liable for all damages, interest, costs, and fees assessed against Nitro Fluids.

4.      Except as set forth in paragraphs 2 and 3 of this Stipulation and Order, the Parties agree that Cameron will not pursue any claims for relief set forth in the Post-Trial Brief, including as to Nitro Construction, Nitro Downhole or Straitline.  Further, for the avoidance of doubt, the merits and liability for the claims described in paragraphs 2 and 3 and the merits of the arguments underlying the relief sought in Cameron's Post-Trial Brief remain in dispute, and each of the Parties' rights are reserved as to all potential defenses, including but not limited to procedural arguments for improper joinder, for the District Court, or any other court of proper jurisdiction to hear and determine in the District Court Litigation.

5.      Other than as provided in this Stipulation and Order, all Parties' rights, claims, and defenses are reserved.

SMRH:4857-6776-5228.9                                     -7-

6. Within two (2) business days following entry of this Stipulation and Order by this Court, the Debtors and Cameron will file a joint stipulation in the Adversary Proceeding to dismiss the Complaint without prejudice (the "Adversary Proceeding Stipulation"). A copy of the Adversary Proceeding Stipulation is attached as **Exhibit B**.

7. Within two (2) business days following entry of this Stipulation and Order by this Court, Cameron will file a notice of withdrawal of its claim against Straitline (Claim No. 77; Case No. 24-60020).

8. Nothing in this Stipulation and Order shall be construed as, nor is it intended to (a) extend the automatic stay to any non-debtors, or (b) extend the automatic stay beyond the time period provided in section 362(c) of the Bankruptcy Code.

9. Upon entry of this Stipulation and Order by this Court, Cameron may file it in the District Court and any appellate court, so the District Court Litigation may proceed to final judgment as permitted by this Stipulation and Order.

10. Entry of this Stipulation and Order shall resolve all the Pending Motions, and any other relief sought in the Stay Relief Pleadings shall be deemed denied and the Pending Motion Opposition and any other objections shall be deemed overruled.

11. This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation of this Stipulation and Order.

Signed:  October _____, 2024

_____
Christopher Lopez
United States Bankruptcy Judge

**STIPULATED AND AGREED TO BY:**

*/s/ Dwight M. Francis*
Dwight M. Francis
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2200 Ross Avenue, 20th Floor
Dallas, TX 75201
Telephone: (469) 391-7400
Facsimile: (469) 391-7401
Email: drancis@sheppardmullin.com

-AND-

*/s/ Edward H. Tillinghast, III*
Edward H. Tillinghast, III (admitted pro hac vice)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
30 Rockefeller Plaza
New York, NY 10112
Telephone: (212) 653-8700
Facsimile: (212) 653-8701
Email: etillinghast@sheppardmullin.com

COUNSEL FOR CAMERON INTERNATIONAL CORPORATION

*/s/ Zachary McKay*
Genevieve M. Graham (TX Bar No. 24085340)
Zachary McKay (TX Bar No. 24073600)
JACKSON WALKER LLP
1401 McKinney Street, Suite 1900
Houston, TX 77010
Telephone: (713) 752-4200
Facsimile: (713) 752-4221
Email: ggraham@jw.com
Email: zmckay@jw.com
CO-COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

*/s/ Joshua N. Eppich*
Joshua N. Eppich (Texas Bar No. 24050567)
Eric T. Haitz (Texas Bar No. 24101851)
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Email: joshua@bondsellis.com
Email: eric.haitz@bondsellis.com
-and-

Ken Green (Texas Bar No. 24050698)
402 Heights Blvd.
Houston, Texas 77007
(713) 335-4990 telephone
(713) 335-4991 facsimile
Email: ken.green@bondsellis.com

COUNSEL FOR THE DEBTORS

| | |
|---|---|
| */s/ Jason A. Enright* | */s/ Sidney K. Swinson* |
| Jason A. Enright (Texas Bar No. 24087475) | Sidney K. Swinson, OBA #8804 |
| WINSTEAD PC | Brandon C. Bickle, OBA #22064 |
| 2728 N. Harwood Street | GABLEGOTWALS |
| Dallas, Texas 75201 | 110 N. Elgin Ave., Ste. 200 |
| (214) 745-5400 telephone | Tulsa, Oklahoma 74120 |
| (214) 745-5390 facsimile | (t) (918) 595-4800 |
| Email: jenright@winstead.com | (f) (918) 595-4990 |
| | |
| COUNSEL FOR SIMMONS BANK | COUNSEL FOR BLUE SKY BANK |

## CERTIFICATE OF SERVICE

I certify that on October 9, 2024, a true and correct copy of the foregoing document was served via the Court's CM/ECF system.

*/s/ Edward H. Tillinghast, III*